UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

LOREN MARUNA,

                Plaintiff,        CIVIL NO.: _____

v.

                                              **COMPLAINT**

PREMIER RECOVERY GROUP, INC.,

                                         **JURY TRIAL DEMANDED**

                Defendant.

_____

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Loren Maruna (hereinafter "Plaintiff"), is a natural person residing in the County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Premier Recovery Group, Inc. (hereinafter "Defendant"), is a "debt collector," as defined by § 1692a(6) of the FDCPA, operating from an address of P.O. BOX 262 Buffalo, NY 14209.

## FACTUAL SUMMARY

6. Sometime prior to May 2011, upon information and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

8. On August 18, 2011, Defendant called Plaintiff and left a voicemail message on Plaintiff's home answering machine. The caller failed to identify as a debt collector attempting to collect a debt. Defendant indicated in this message that if Plaintiff did not respond by the end of the business day, Defendant would send information relating to the alleged debt to Plaintiff's employer.

9. On two other occasions, Defendant called Plaintiff and left voicemail messages. Each message failed to identity Defendant as a debt collector attempting to collect debt. Defendant also indicated that information related to the alleged debt would be sent to Plaintiff's employer if Plaintiff failed to contact Defendant by the end of the business day.

10. The conduct of Defendant tolled considerable stress on Plaintiff. Plaintiff reports sleeplessness, fear of answering the telephone, nervousness,

embarrassment when talking to or seeing friends and family, depression, and negative impacts on personal relationships as a result of Defendant's conduct.

## Violation of The Fair Debt Collection Practices Act

11. The conduct of Defendant constitutes numerous violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(7), 1692e(10), and 1692e(11) amongst others.

## Respondeat Superior Liability

12. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

13. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

14. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

15. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited

to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

16. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

17. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

18. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

21. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

22. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

23. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

24. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

                                      MARTINEAU, GONKO & VAVRECK, PLLC

Dated: November 11, 2011      s/ Mark L. Vavreck
                                        Mark L. Vavreck, Esq.
                                        Bar Number #0318619
                                        Attorney for Plaintiff
                                        Martineau, Gonko & Vavreck, PLLC
                                        Designers Guild Building
                                        401 North Third Street, Suite 600
                                        Minneapolis, MN 55401
                                        Telephone: (612) 659-9500
                                        Facsimile: (612) 659-9220
                                        mvavreck@mgvlawfirm.com